IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FELICIA PHILLIPS                                                          PLAINTIFF

v.                                 2:06-CV-00009-WRW

ARKANSAS DEPARTMENT OF
CORRECTION, *et al.*                                                      DEFENDANTS

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 28). Plaintiff has responded (Doc. No. 37), and Defendant has replied (Doc. No. 40). For the reasons set out below, Defendants' Motion is GRANTED.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4] I must view the facts in the light most favorable to the party opposing the motion.[5] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

---

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

**II. BACKGROUND**[8]

Plaintiff filed a Complaint alleging violations of Title VII and of the Arkansas Civil Rights Act.[9] Defendants filed a motion for summary judgment asserting that there are no genuine issues of material fact on which this case should proceed to trial.[10]

The Arkansas Department of Correction ("ADC") hired Plaintiff in March, 2003, as a Correctional Officer.[11] Correctional Officers are assigned to different duties, some of which include assignment to population, disciplinary office duties, or issuance office duties.[12] Plaintiff was originally assigned to population and had a schedule with rotating days off.[13] Plaintiff maintains that she met or exceeded all of Defendant ADC's job expectations during her employment.[14]

---

[8] Local Rule 56.1(a) requires any party moving for summary judgment to file a statement of the material facts as to which the party contends there is no genuine issue to be tried. Paragraph (b) provides that if the non-moving party opposes the motion, it must file a statement of facts it alleges are material facts creating a genuine issue for trial. Paragraph (c) of Local Rule 56.1 reads: "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)." Plaintiff did not file a Statement of Facts as required under paragraph (b). Accordingly, the facts set out in Defendants' Statement of Facts (Doc. No. 30) are deemed admitted.

[9] Doc. No. 1.

[10] Doc. No. 28.

[11] Doc. No. 1. Plaintiff reported for duty on April 28, 2003. *Id*. Plaintiff had worked for the ADC in the late 1990's, also as a correctional officer. Doc. No. 28, Ex. 2; Doc. No. 30.

[12] Doc. No. 30.

[13] Doc. No. 28, Ex. 2.

[14] *Id*.

3

**Charge 397**

Plaintiff filed an EEOC Charge of Discrimination against Defendant ADC on March 25, 2005, ("Charge 397") alleging discrimination based on sex, and retaliation.[15] Plaintiff was issued a right to sue letter in connection with Charge 397 on September 28, 2005.[16] Plaintiff concedes that her claims in connection with Charge 397 are time barred because she did not file suit with within 90 days after receiving her right to sue letter.[17] Because Plaintiff concedes that her claims in connection with Charge 397 are time barred, it is not necessary to recite the allegations Plaintiff made in that charge.

**Charge 3155**

Plaintiff filed another EEOC Charge of Discrimination on August 8, 2005, ("Charge 3155"), and was issued a right to sue letter in connection with Charge 3155 on October 11, 2005.[18] In Charge 3155, Plaintiff alleged retaliation and discrimination based on race.[19] Plaintiff

---

[15] Doc. No. 28, Ex. 8.

[16] Doc. No. 28, Ex. 14.

[17] Doc. Nos. 37, 38. Plaintiff filed her Complaint on January 9, 2006. Doc. No. 1.

[18] Doc. No. 28, Exs. 12, 15. Charge 3155 reads:
I filed a previous charge of discrimination (251-2005-00397) about March 2005. As a result of filing a previous charge of discrimination, I have been subjected to racial harassment and unequal terms and conditions of my employment. I have been forced to transfer to a different work schedule with rotating off days. Due to the continued harassment, I was forced to take a two months medical leave from my employer. I believe that I have been discriminated against because of my race (Black) and in retaliation for protesting an unlawful activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

[19] Doc. No. 28, Ex. 12.

also indicated that the discrimination was "continuing action."[20] Plaintiff alleges that she was discriminated and retaliated against by being forced to transfer to "a different work schedule with rotating off days" and that because of continued harassment, she was forced to take FMLA leave.[21] Because Plaintiff conceded that her claims in connection with Charge 397 are barred, Plaintiff's discrimination and retaliation claims are limited to events taking place between March 25, 2005 -- the date on which Charge 397 was filed -- and August 8, 2005 -- the date on which Charge 3155 was filed.

Between March 25, 2005, and August 8, 2005, there was one event that Plaintiff alleges was discriminatory -- she was transferred out of disciplinary office duties and reassigned to her original position in population, and her position in population had a schedule with rotating days off.[22] Plaintiff had been assigned to disciplinary office duties in November, 2004, and began those duties on December 13, 2004.[23] This was after Plaintiff, in October, 2004, complained to the ADC, alleging Defendant Still sexually harassed her.[24] Plaintiff apparently did not perform her disciplinary office duties well; Major Williams, Assistant Warden Watson, and Captain Jackson each received complaints about Plaintiff's performance.[25] On April 20, 2005, Major Williams informed Plaintiff that as of April 21, 2005, Plaintiff would be returned to her

---

[20]*Id.*

[21]*Id.*

[22]Doc. No. 28, Ex. 2.

[23]Doc. No. 30.

[24]Doc. No. 28, Ex. 2.

[25]Doc. No. 30.

population duties.[26] Plaintiff's pay was the same whether she was assigned to population or disciplinary office duties.[27]

Plaintiff filed a grievance with the ADC on September 7, 2005 alleging sexual discrimination in not being approved for issuance officer duties.[28] Plaintiff did not file an EEOC Charge of Discrimination in connection with this allegation.[29] The State Grievance Review Committee found that Plaintiff did not have a grievable matter.[30] Defendant ADC maintains that Plaintiff was not approved for the issuance office position because she had poorly performed the disciplinary office duties.[31]

### III. DISCUSSION

#### A. Title VII Claims

When a plaintiff's Title VII claims of discrimination are based on indirect evidence, the claims must be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[32] Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination.[33] Once the Plaintiff meets this initial threshold, a presumption

---

[26]*Id*.

[27]Doc. Nos. 30; 28, Ex. 2

[28]Doc. No. 28, Ex. 13.

[29]Doc. No. 30.

[30]Doc. No. 28, Ex. 8.

[31]Doc. No. 28.

[32]411 U.S. 792 (1973).

[33]*Id*.

arises that the employer "unlawfully discriminated against the employee."[34] The burden of production then shifts to the employer, who must show some legitimate, nondiscriminatory reason for the employment decision.[35]

Within the *McDonnell Douglas* framework, the court is not required to assess the credibility of the defendant's explanation of his actions.[36] Once the defendant articulates a "legitimate, nondiscriminatory reason for its decision," the presumption raised by the *prima facie* case of discrimination is rebutted and "drops from the case."[37] At all times in this analysis, the ultimate burden of production remains with the plaintiff,[38] and once the defendant has met its burden, the plaintiff must have "a fair opportunity to show that [the employer's] stated reason for [the employment decision] was in fact pretext,"[39] or that the proffered reasons for the employer's action were not true.[40]

1. Charge 397

Plaintiff's claims in connection with Charge 397 are time barred. Accordingly, Defendants' Motion for Summary Judgment is granted on this point.

---

[34]*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

[35]*McDonnell Douglas*, 411 U.S. at 802.

[36]*St. Mary's Honor*, 509 U.S. at 509 (1993).

[37]*Id.* at 507.

[38]*Id.*

[39]*McDonnell Douglas*, 411 U.S. at 804.

[40]*St. Mary's Honor*, 509 U.S. at 508.

2. Charge 3155

Plaintiff alleged racial discrimination and retaliation in Charge 3155. Each allegation is addressed separately below.

a. Racial Discrimination

Although Plaintiff alleged racial discrimination in Charge 3155, neither Plaintiff nor Defendants addressed racial discrimination in their pleadings. Plaintiff did not give any examples of racial discrimination in her answer to an interrogatory asking Plaintiff to describe all incidents of unlawful discrimination.[41] The record contains no evidence of racial discrimination. Because there are no genuine issues of material fact in connection with Plaintiff's racial discrimination claim, Defendant's motion for summary judgment is granted on this point.

b. Transfer Back to Population

Add McDonnell language To establish a *prima facie* case of retaliation, a Plaintiff in a Title VII case must show each of the following elements: "(1) he was engaged in statutorily protected activity, (2) he suffered adverse employment action, and (3) a causal connection between the two exists."[42] Summary judgment is appropriate if the plaintiff fails to provide sufficient facts demonstrating that she suffered an adverse employment action.[43] "Not every setback amounts to an adverse employment action."[44] An adverse employment action is a

---

[41]Doc. No. 28, Ex. 8.

[42]*Jackson v. St. Joseph Hospital*, 840 F.2d 1387, 1390 (8th Cir. 1988) (citing *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980)).

[43]*Baucom v. Holiday Cos.*, 428 F.3d 764, 768 (8th Cir. 2005).

[44]*Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074 (8th Cir. 2006) (No adverse employment found where management gave Plaintiff three written reprimands, because Plaintiff

"tangible change in duties or working conditions that constitute a *material employment disadvantage*"[45] or a "material change in the terms or conditions of her employment."[46]  In determining whether a plaintiff suffered a material employment disadvantage, the Eighth Circuit has looked to factors such as if there was a reduction in title, in benefits, or in salary.[47]

Plaintiff did not suffer an adverse employment action when she was reassigned to her initial duties in population. Plaintiff remained a Correctional Officer throughout her employment with the ADC. Plaintiff's pay did not change with the changes in her duties. There is no evidence that Plaintiff's benefits changed when she was assigned to disciplinary office duties, and reassigned back to population. Apparently, Plaintiff's major complaint with being reassigned to population was that she had rotating days off, rather than a set Monday-Friday schedule. While returning to a schedule with rotating days off may be a setback for Plaintiff, it does not rise to the level of a material employment disadvantage for Title VII purposes.

The same analysis applies to Plaintiff not being approved for an issuance office position. Plaintiff cannot establish that she suffered an adverse employment action. Because Plaintiff cannot prove she suffered an adverse employment action, Plaintiff cannot establish a *prima facie*

---

could not point to a cut in pay, reduction in hours, or any other significant change to the conditions of employment.).

[45]*Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (emphasis added).

[46]*Ledergerber v. Strangler*, 122 F.3d 1142, 1144 (8th Cir. 1997).

[47]See *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) (no adverse employment action where a secretary's reassignment without a reduction in pay, benefits, or title, even though new position more stressful and encompassed fewer duties).

case of retaliation. Accordingly, Defendants' motion for summary judgment is granted in connection with Charge 3155.

### B. Arkansas Civil Rights Act Claim

The Constitution of the United States bars any suit brought in federal court by an individual against a state.[48] Suing an agency of a state is the same as suing the state.[49] Likewise, suing a state official in his official capacity is the same as suing the state.[50] Only if the state waives its sovereign immunity, or if legislation passed by Congress abrogates the state's immunity, can the bar be overcome.[51] The state of Arkansas has not waived its sovereign immunity.[52]

Plaintiff's Complaint names the ADC and Jesse Still as Defendants. The ADC is a state agency. Plaintiffs complaint against the ADC is, then, the same as a complaint against the state of Arkansas. Because Arkansas has not waived its sovereign immunity, Plaintiff's suit against the ADC is barred. Plaintiff's Complaint names Jesse Still, but does not specify in which capacity -- individual or official. "[I]n order to sue a public official is his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."[53] Because

---

[48] See *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

[49] See *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

[50] See *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (A suit against a state official in his or her official capacity is a suit against the state).

[51] See *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).

[52] *Id*.

[53] *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Plaintiff did not name Jesse Still in his individual capacity, Plaintiff's ACRA claims against Jesse Still are only in his official capacity.

Defendant Still retired from the ADC.[54] Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Defendant Still's successor is automatically substituted as a party.[55] However, Plaintiff's suit against Jesse Still -- or his successor -- in his official capacity is barred, because suing a state official in his official capacity is the same as suing the state. Defendants' motion for summary judgment is granted in connection with Plaintiff's ACRA claim.

## IV. CONCLUSION

Defendants' Motion for Summary Judgment (Doc. No. 28) is GRANTED. All other pending motions are MOOT.

IT IS SO ORDERED this 26th day of March, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[54] Doc. No. 29.

[55] Fed. R. Civ. P. 25(d)(1).